IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-1212

_____

CELEDONIO SANTANA,

Plaintiff-Appellant,

versus

RONALD CHANDLER, District
Director, INS, ET AL.,

Defendants-Appellees.

- - - - - - - - - - - - - -

Appeal from the United States District Court
for the Northern District of Texas

- - - - - - - - - - - - - -

( May 12, 1992)

- - - - - - - - - - - - - -

BEFORE JONES, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the motion of Plaintiff-Appellant Celedonio Santana for appointment of counsel on appeal be and it is hereby DENIED.

Acting pro se, Santana, an alien imprisoned in a federal correctional institution, petitioned the district court for a writ of mandamus to compel the Immigration and Naturalization Service (INS) to commence deportation proceedings against him. Santana alleges that he is under an immigration detainer, "with the

expectation that Petitioner be the subject of deportation proceedings to begin <u>after</u> service of sentence." The district court granted Santana permission to proceed in forma pauperis (IFP).

Construing Santana's petition liberally as requesting both mandamus and habeas relief, the magistrate judge recommended dismissal of the mandamus action for failure to state a claim on which relief may be granted. Dismissal of the habeas action was recommended for lack of jurisdiction because Santana was not "in custody" of the INS. The district court adopted the magistrate judge's recommendations and entered judgment accordingly.

We may appoint counsel to represent an appellant proceeding IFP in a civil action pursuant to 28 U.S.C. § 1915(d). Such an appointment is appropriate in a case that presents "exceptional circumstances." Among the factors to consider when deciding whether to appoint counsel are those discussed in <u>Cooper v. Sheriff</u>.[1]

Although there is no constitutional right to counsel in habeas corpus actions,[2] the Fifth Circuit Plan Under the Criminal Justice Act (Fifth Circuit Plan) provides for appointment of counsel in habeas corpus actions.[3] Under the Fifth Circuit Plan we

---

[1] 929 F.2d 1078, 1084 (5th Cir. 1991) (citing <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212-13 (5th Cir. 1982)). (civil rights case).

[2] <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

[3] <u>See</u> <u>Self v. Blackburn</u>, 751 F.2d 789, 793 and n.19 (5th Cir. 1985).

may provide representation for any financially eligible person who is seeking relief under 28 U.S.C. § 2241 whenever we determine that "the interests of justice so require."[4] The Fifth Circuit Plan thus leaves appointment of counsel to the discretion of this court.

Santana relies on the Ninth Circuit case of <u>Soler v. Scott</u>,[5] to support his mandamus action. In <u>Soler</u>, the Ninth Circuit held that an alien prisoner may state a claim under the Mandamus and Venue Act[6] (MVA) or the Administrative Procedure Act (APA)[7] to compel the INS to perform its duty to "begin any deportation proceeding as expeditiously as possible after the date of the conviction."[8] The <u>Soler</u> court held that petitioners seeking to compel performance through mandamus or APA action need not depend on the existence of private rights of action to state a claim. It also held that a petitioner had standing under both the MVA and the APA.[9]

The Sixth, Seventh, Eighth and Eleventh Circuits hold that an alien prisoner may not state a claim to compel the INS to begin a deportation hearing pursuant to 8 U.S.C. § 1252(i). Those circuits hold that § 1252(i) does not imply a cause of action for

---

[4]     Fifth Circuit Plan § 2.

[5]     942 F.2d 597 (9th Cir. 1991).

[6]     28 U.S.C. § 1361.

[7]     5 U.S.C. §§ 701-706.

[8]     8 U.S.C. § 1252(i).

[9]     <u>Soler</u>, 942 F.2d at 601-05.

3

alien prisoners and that prisoners therefore may not rely on that section for mandamus or other relief.[10]

Whether an alien prisoner may obtain mandamus or other relief compelling INS to begin deportation hearings is an issue of first impression before this court. It is also an issue of sufficient complexity that a pro se prisoner, particularly an alien with language difficulties, would not be expected to present it satisfactorily. On the other hand, the Eighth and Ninth Circuits provide extensive discussions in Gonzalez and Soler, respectively, that may serve to guide us, in light of which it is doubtful that an attorney could provide more than marginal assistance to Santana or to this court. Appointment of counsel therefore is unnecessary to assist Santana with his mandamus claim.

Regarding any habeas claim Santana may have raised, the controlling issue is whether he was in custody of the INS when he filed his petition. There is no Fifth Circuit precedent precisely on this point either, but other circuits hold that a prisoner under INS detainer is not in custody of INS for habeas purposes.[11] Such a result is consistent with other holdings of this court under different but similar circumstances.[12] As with Santana's mandamus

---

[10] Aguirre v. Meese, 930 F.2d 1292, 1293 (7th Cir. 1991); Prieto v. Gluch, 913 F.2d 1159, 1165-66 (6th Cir. 1990), cert. denied, 111 S.Ct. 976 (1991); Orozco v. United States Immigration and Naturalization Serv., 911 F.2d 539, 541 (11th Cir. 1990); Gonzalez v. United States Immigration and Naturalization Serv., 867 F.2d 1108, 1109-10 (8th Cir. 1989).

[11] Prieto, 913 F.2d at 1162-64; Orozco, 911 F.2d at 541.

[12] See United States ex. rel. Marcello v. District Director, Immigration & Naturalization Service, 634 F.2d 964, 970

4

claim, the interests of justice do not require appointment of counsel to assist with his habeas claim either.

---

(5th Cir.) (deportation order alone does not place alien in custody), <u>cert. denied</u>, 452 U.S. 917 (1981).