IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10467
Conference Calendar

_____

ANGELO MACK,

Plaintiff-Appellant,

versus

DAVID WILLIAMS; JOHN DOE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-630-L
--------------------
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Angelo Mack, Texas prisoner # 645368, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He argues that the district court erred in dismissing his § 1983 action as barred by the applicable two-year statute of limitations because he timely filed a state action within the two-year limitations period. Mack's argument is without merit as the filing of a state action has no bearing on the timeliness of the instant federal § 1983 action. Because Mack's § 1983 action was not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed within two years of the date of his alleged injury, the district court did not err in dismissing it as time-barred. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)(federal § 1983 action must be filed within two years of the date the injury occurred); Tex. Civ. Prac. & Rem. Code § 16.003(a) (Vernon 1986) & (Vernon Supp. 2000).

For the first time on appeal, Mack argues that under Texas law, the limitations period is tolled while he is incarcerated. Although Texas law formerly considered imprisonment to be a disability which tolled the running of the statute of limitations, the former Article 5535 and the former Article 5518 have been repealed. See Tex. Rev. Stat. Ann. Art. 5535 (repealed 1987); see Tex. Rev. Stat. Ann. Art. 5518 (repealed 1985). The limitations period now begins to run when the cause of action accrues at the time of the injury. See Tex. Civ. Prac. & Rem. Code § 16.003. Mack has not demonstrated plain error in the district court's application of Texas law concerning the applicable statute of limitations. See Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994).

Mack's appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

Mack is cautioned that the district court's dismissal of his § 1983 action and the dismissal of this appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as

frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). Mack is also advised that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Mack has also filed a motion for appointment of counsel. Because he has not demonstrated that this appeal involves exceptional circumstances which warrant the appointment of counsel, his motion is DENIED. See Santana v. Chandler, 961 F.2d 514, 515 (5th Cir. 1992); see also Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991).

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.