IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11242
Summary Calendar

_____

DEBORAH BURNS

      Plaintiff - Appellant

   v.

UNITED STATES OF AMERICA; FEDERAL MEDICAL CENTER CARSWELL;
OKLAHOMA TRANSFER CENTER - PAULDING COUNTY JAIL, DALLAS,
GEORGIA; FIRST NAME UNKNOWN MATTHEWS, Officer; J.B. BOGAN,
Warden; C.L. BROWN, Captain; JORLENE LONG HUDSON, also known
as first Name Unknown Long, also known as First Name Unknown
Hudson; SANDRA E. BOYD, also known as First Name Unknown Boyd;
FIRST NAME UNKNOWN STILLION, Officer; BARBARA WIRZFELD, also
known as First Name Unknown Witzell, also known as First Name
Unknown Wirzfeld; KATHLEEN HAWK, Director of Bureau of Prisons;
FIRST NAME UNKNOWN GILLIUM; FIRST NAME UNKNOWN COOPER, Officer;
L. AUSTIN, Unit officer; FIRST NAME UNKNOWN BASS, Officer; FIRST
NAME UNKNOWN KAISER, Officer; FIRST NAME UNKNOWN COLE, Officer;
FIRST NAME UNKNOWN GONZALEZ, Officer; ALTON APPLEWHITE, also
known as Applewhite

      Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-135-Y
--------------------
July 6, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

    Deborah Burns appeals the district court's dismissal of her

42 U.S.C. § 1983 complaint for failure to exhaust administrative

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

remedies.  Burns contends that her claim of sexual assault is not a prison conditions claim for purposes of applying 42 U.S.C. § 1997e's exhaustion requirement.  Because this court has held that 42 U.S.C. § 1997e's exhaustion requirement applies to similar types of claims, Burns' argument is rejected.  See Wendell v. Asher, 162 F.3d 887, 889-91 (5th Cir. 1998).

Burns has also filed a motion for the appointment of counsel.  Because Burns fails to identify any exceptional circumstances that would warrant such appointment, her motion is denied.  See Santana v. Chandler, 961 F.2d 514, 515 (5th Cir. 1992).

AFFIRMED.