# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-30803

_____

JERROD A. WILSON,

Plaintiff-Appellant,

VERSUS

MARIE BOISE; BURL CAIN; RICHARD L. STALDER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana

_____

March 30, 2001

Before REAVLEY, SMITH, and DeMOSS,
 Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

 Jerrod Wilson, a Louisiana prisoner,
appeals a judgment of dismissal of his claims
against prison officials. He alleges that they

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R.
47.5.4.

interfered with his mail in violation of his
constitutional rights. The magistrate judge
dismissed one claim of interference and the
retaliation claim for failure to exhaust admin-
istrative remedies. It dismissed the
remaining interference claim as frivolous.
We affirm on a different ground.

I.

 Wilson sued Mailroom Supervisor Marie
Boise, Warden Burl Cain, and Secretary
Richard Stadler (collectively "prison
officials") for violation of his constitutional
rights under 42 U.S.C. § 1983. Wilson
alleged that Boise violated his rights by

confiscating his mail addressed to an attorney in retaliation for his filing of administrative grievances against her and that prison personnel withheld or mishandled other pieces of mail. Wilson also complained that prison officials prevented him from exhausting his administrative remedies by placing his Administrative Remedy Procedure forms on backlog pursuant to the grievance system's "abuse of the procedure" rule. He requested declaratory and injunctive relief, monetary damages, and a transfer to a different institution.

The magistrate judge dismissed Wilson's claims of retaliation and interference with legal mail for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).[1] The court dismissed his claim of interference with mail addressed to an attorney as frivolous without reaching the question of exhaustion.[2]

Wilson then filed a "response to show cause and for injunction" and a "traverse," complaining that the "abuse of the procedure" rule violated his First Amendment rights of free speech and association. He raised a new claim that the defendants had violated his Sixth Amendment right to counsel, his Fourth Amendment right to be free from unreasonable searches and seizures, and the prison's regulations. He prayed for injunctive relief both against the rule and against the alleged interference with his mail.

The district court dismissed his complaint and adopted the magistrate judge's order without considering the issues raised in these motions. Wilson argues that the court (1) should have construed his "response to show cause and for injunction" and his "traverse" as motions for leave to amend the complaint, (2) erred in dismissing his mail-tampering claims for failure to exhaust administrative remedies, and (3) that we should appoint counsel on appeal.

II.

Wilson claims that the court should have construed his "response" and his "traverse" as motions for leave to amend the complaint. He did not request such leave from the magistrate judge, but courts must grant leave to amend freely when justice so requires. FED. R. CIV. P. 15(a).

We review failure to allow the amendment for abuse of discretion. *United States v. Riascos,* 76 F.3d 93, 94 (5th Cir. 1996). Rule 15(a) "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.,* 868 F.2d 401, 407 (11th Cir. 1989) (dictum). In discerning the presence of said "substantial reason," the district court may consider such factors as "undue delay, bad faith, dilatory motive on the part of the movant, repeated

---

[1] The statute reads: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[2] Wilson claims, on appeal, that he sought an attorney both in civil matters concerning prison conditions and in matters relating to his criminal conviction. His administrative complaints, however, indicate that the mail in fact related to civil matters.

2

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne,* 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.,* 88 F.3d 311, 314-15 (5th Cir. 1996)). A denial "without any justifying reason," however, "is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Lowery v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 245 (5th Cir. 1997) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). An amendment is futile if it lacks legal foundation or was presented in a prior complaint. *Jamieson v. Shaw,* 772 F.2d 1205, 1208-11 (5th Cir. 1985).

## A.

Rule 15(a) allows Wilson to amend his pleading once as of right before the defendants filed a responsive pleading. Wilson's response to the magistrate judge's order to show cause raised a new claim that prison officials interfered with his incoming legal mail in February 2000. The defendants had not filed a responsive pleading at that time, so the magistrate judge should have treated this motion as an amendment as of right.

Because Wilson is entitled to only one amendment as of right, he needed to request leave from the court to amend his complaint to raise new issues. A court may construe an issue raised for the first time in a traverse as a motion for leave to amend. *Riascos,* 76 F.3d at 94. By extension, we treat new issues raised in the "response to show cause and for injunction" as motions for leave to amend, as well.

In these motions, Wilson repeats several

of his previous claims. An amendment to add them would be futile. Wilson does, however, claim, for the first time in his traverse, that the prison officials violated (1) his Sixth Amendment right to counsel, (2) prison regulations interfering with his legal mail, and (3) his Fourth Amendment right to be free from unreasonable searches and seizures.

## 1.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." U.S. CONST. amend. VI. Although intrusion into the attorney-client relationship may constitute a violation of the Sixth Amendment, *cf. Weatherford v. Bursey,* 429 U.S. 545, 552-53 (1977), the plain language of the Sixth Amendment protects the attorney-client correspondence only in the criminal setting. *Wolff v. McDonnell,* 418 U.S. 539, 576 (1974). Wilson's claims are civil. Thus, amending the complaint to include this claim would be futile, because the claim does not have a valid legal basis. The magistrate judge did not abuse her discretion in failing to construe Wilson's motion as doing so.

Because the magistrate judge properly refused to consider this claim, it is in effect raised for the first time on appeal. We will not consider a new theory of relief so raised. *Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir. 1999), *cert. denied,* 528 U.S. 1138 (2000).

## 2.

Wilson's claim that interference with his mail violated prison regulations also lacks a legal foundation. A violation of prison regulations, without more, does not give rise

to a federal constitutional violation. *Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986). The magistrate judge need not have allowed amendment of Wilson's complaint to include this claim, because it would have been futile to do so.

### 3.

Wilson claims, in his traverse, that the interference with his legal mail violated his rights under the Fourth Amendment. We need not reach this issue, because Wilson's failure to exhaust his administrative remedies requires us to dismiss the underlying claim.[3]

### III.

Wilson argues that the magistrate judge erred in dismissing his claims for interference with his legal mail and retaliation for use of the prison grievance procedures for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). He believes that he could not exhaust such remedies because his claims were unconstitutionally backlogged pursuant to the "abuse of the procedure" rule. We review *de novo* the determination of a prisoner's failure to exhaust administrative remedies in a § 1983 action. *Powe v. Ennis,* 177 F.3d 393, 394 (5th Cir. 1999). Section 1997e(a) creates a mandatory burden on the district court to dismiss all actions brought by prisoners who have not exhausted administrative remedies. *Underwood v. Wilson,* 151 F.3d 292, 294 (5th Cir. 1998).[4] Moreover, a prisoner has

exhausted his administrative remedies "when the time limits for the prison's response set forth in the prison Grievance Procedures have expired." *Id.* at 295.

Louisiana provides a three-step system of review for grievances in which offenders submit complaints to the warden, and prison officials have a prescribed number of days in which to respond. The "abuse of the procedure" rule provides that if an offender submits multiple requests during the first stage of handling of his first request, that request will be processed, but the rest will be backlogged for handling at the warden's discretion. Wilson believes that this rule is unconstitutional and that the district court erred in using it to find that he failed to exhaust.

### A.

Wilson argues that the "abuse of the procedure" rule violates his constitutional right to file a grievance and receive a response. He further complains that the magistrate judge did not address it. In fact, no such constitutional right exists. Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, authorizes states to construct prison grievance procedures that district courts may require inmates to exhaust before bringing civil rights suits. Louisiana promulgated enabling legislation, LA. REV. STAT. ANN. §§ 15:1171-1177 (West Supp. 1989), and the Louisiana Department of Public Safety and Corrections set up the procedure. The United States District Court for the Middle District of

---

[3] *See* discussion *infra* part III.

[4] We have recognized an exception to the exhaustion requirement where a prisoner sues a prison official exclusively for monetary damages and the prison grievance procedure does not provide that relief. *McCarthy v. Madigan,* 503 U.S. 140, 155 (1992). Where, as here, a prisoner seeks both monetary and injunctive relief, the exhaustion requirement still applies. *Arvie v. Stalder,* 53 F.3d 702, 705-06 (5th Cir. 1995).

Louisiana approved it. *Martin v. Catalanotto,* 895 F.2d 1040, 1042 (5th Cir. 1990), *abrogation on other grounds recognized by Marsh v. Jones,* 53 F.3d 707 (5th Cir. 1995). Using internal prison grievance procedures is not a right at all, but a statutory requirement and procedural hurdle.

By failing to address Wilson's claim, the magistrate judge implicitly dismissed it. The magistrate judge had the discretion to dismissed the claim as frivolous. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (stating that a court may dismiss a prisoner's *in forma pauperis* civil rights claim as frivolous if it lacks an arguable legal basis).

### B.

Wilson failed to raise his retaliation claim in his administrative remedy proceeding document.[5] Plainly, then, he has failed to exhaust his administrative remedies. The district court did not err in dismissing the claim.

### C.

Wilson filed a complaint regarding the alleged interference, in February 1999, with his mail to an attorney, and the prison officials dismissed this claim as untimely. Even if that determination were in error, the district court properly dismissed the claim.[6] Wilson failed

---

[5] Wilson explains in his brief on appeal that prison officials would not let him amend his Administrative Remedy Procedure to add the claim. He has not alleged that they had any duty to do so.

[6] The district court dismissed this claim on the basis that it was frivolous. We may affirm the district court, however, on any basis supported by the record. *Berry v. Brady,* 192 F.3d 504,

to exhaust his administrative remedies, because he did not appeal the prison's dismissal of his claim through the available procedures.

The plain language of 42 U.S.C. § 1997e(a) precludes all actions brought by prisoners challenging prison conditions under § 1983 "until such administrative remedies as are available are exhausted." Before Congress amended that statute in 1997, it read "exhaustion of such plain, speedy, and effective administrative remedies as are available." *Underwood,* 151 F.3d at 295 (quoting 42 U.S.C. § 1997e(a)(1) (1994)). Congress obviously intended that courts would enforce the exhaustion requirement strictly. We must dismiss Wilson's claim. *Cf. id.* (upholding the dismissal of a prisoner's claim, even though he had filed all possible appeals through prison grievance procedure, because he had not allowed officials time to respond before filing a claim with the district court).

### D.

Wilson filed complaints alleging that mail tampering had occurred in July and August 1999 and February 2000. Because these claims were backlogged under the "abuse of the procedure" rule, he did not receive a response through the three-step process. The magistrate judge found that because these grievances were still being processed by prison authorities, Wilson had failed to exhaust his administrative remedies.

Although the plain meaning of the statute compels this result as well, a further policy supports it. Wilson's backlogged claims re-

---

507 (5th Cir. 1999).

sult directly from his own litigiousness. Were we to hold prison authorities to the standard deadlines on all claims, prisoners could easily circumvent the requirement of exhaustion simply by filing voluminous numbers of complaints, knowing that the authorities would not be able to address all of them in a timely fashion. Requiring absolute exhaustion may seem harsh, but the prison regulations themselves allow for flexibility to avoid unjust results. The grievance procedure states:

> Nothing in this procedure should serve to prevent or discourage an offender from communicating with the Unit Head [warden] or anyone else in the Department of Public Safety and Corrections. . . . All forms of communication to the Unit Head will be handled, investigated, and responded to as the Unit Head deems appropriate.

The magistrate judge did not err in dismissing these claims for failure to exhaust administrative remedies.

## IV.

Wilson filed a motion for appointment of appellate counsel. A civil rights complainant has no automatic right to the appointment of counsel unless the case presents exceptional circumstances. *Freeze v. Griffith,* 849 F.2d 172, 175 (5th Cir. 1988) (citing *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982)). A court may, however, appoint counsel to represent an appellant proceeding *in forma pauperis* in a civil action if the case presents "exceptional circumstances." *Santana v. Chandler,* 961 F.2d 514, 515 (5th Cir. 1992). Wilson's case does not involve exceptional circumstances; indeed, he raises no issues we may reach on the merits. We deny the motion.

AFFIRMED.

6

DeMoss, Circuit Judge, specially concurring:

My review of this case indicates that the district court properly dismissed all of Wilson's claims. I therefore concur in the result reached by the panel majority. I write separately to register my disagreement with the panel majority's treatment of Wilson's claims premised upon incidents alleged to have occurred in August 1999 and February 2000. I do not read the relevant Louisiana prison regulations to authorize Louisiana prison authorities to indefinitely (or indeed permanently) postpone consideration of a prisoner's grievance, and thus, that prisoner's access to the federal courts. In my view, the panel majority's reading of the relevant regulations is inconsistent with the full text of the controlling regulations, this Court's precedent, and constitutional principles guaranteeing access to the federal courts.