United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

**No. 06-40249**
**Summary Calendar**

_____

**TRACEY SCOTT MASSAY,**

**Plaintiff-Appellant,**

**versus**

**FEDERAL CORRECTIONAL INSTITUTION-TEXARKANA, ET AL.;**

**Defendants,**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(5:05-CV-7)**

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Tracey Scott Massay appeals, *pro se*, the summary-judgment dismissal of his Federal Tort Claims Act (FTCA) action, which asserted the Bureau of Prisons's (BOP) failed to repair a prison-yard tire rut, causing him, *inter alia*, to fracture his leg and ankle.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government maintains Massay's appeal is abandoned because his brief is insufficient under Federal Rule of Appellate Procedure 28. A *pro se* litigant's brief is entitled to liberal construction. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Liberally construed, Massay's brief claims the district court erred in denying him appointment of counsel and granting summary judgment. Massay has not abandoned his appeal. Because the Government has briefed these issues, it is not prejudiced by our accepting Massay's brief.

Massay claims his requests for appointment of counsel should have been granted. The denial of appointment of counsel is reviewed for abuse of discretion. **Castro Romero v. Becken**, 256 F.3d 349, 354 (5th Cir. 2001). Because Massay's case does not present unusual or especially complex issues or facts, the district court did not abuse its discretion in denying appointment of counsel. *See*, *e.g.*, **Santana v. Chandler**, 961 F.2d 514, 515-16 (5th Cir. 1992).

Massay next challenges the summary judgment, claiming it: applied the wrong standard of care; and erred in resolving issues of material fact. A summary judgment is reviewed *de novo*. **Guillory v. Domtar Indus., Inc.**, 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c).

Concerning Massay's standard-of-care contention, this court has not resolved whether the standard under 18 U.S.C. § 4042 or the

Texas Recreational Use Statute (TRUS) applies to federal prisoners' FTCA actions in Texas, and we need not do so here.  As the district court found, the same result would be reached under the TRUS or § 4042's higher ordinary-care standard.

Massay next contends the court erred in making the factual determination that no BOP employee was grossly negligent.  He asserts, *inter alia*:  BOP witnesses offered "perjured affidavits"; his sworn statement and other witnesses refute the BOP's claim it maintained the yard; and the treating orthopedist's report indicated his injuries were caused by a hole.  Factual controversies are resolved in favor of the nonmoving party, "but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts".  *Guillory*, 95 F.3d at 1326.

The Government submitted several sworn statements establishing:  the prison recreation yard was inspected daily for defects and hazards; the mechanical lift used on the yard in February of 2003 did not create any ruts; none of the inmate crews reported any ruts during the time surrounding Massay's accident; and no inmates reported injuries concerning ruts on the yard during that time period.

To oppose the summary-judgment motion, Massay submitted his own sworn statement, which contained statements by a prison recreation officer and a statement from his orthopedist's report, which was not produced.  The officer's and orthopedist's statements

3

are inadmissible hearsay. *See* FED. R. EVID. 801(c). Accordingly, we cannot consider them as raising a material-fact issue. *See Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

Massay's sworn statement also declared that witnesses saw heavy-equipment tires stuck in the mud on the yard and that the BOP forced inmates to play athletics on the field, constantly neglected the field, and caused his injuries. He provided only conclusory assertions to contend the BOP breached its duty and caused his injuries. "A summary assertion made in an affidavit is simply not enough evidence to raise a genuine issue of material fact." *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997); *see also* FED. R. CIV. P. 56(e).

Massay submitted the affidavit of a fellow inmate before the Government moved for summary judgment. Although entitled "SIGNED AND SEALED AFFIDAVIt" and indicating his fellow inmate gave the statement under oath, it is not notarized and does not indicate it was made "under penalty of perjury" or that the statements contained therein were "true and correct." Thus, this document is not competent summary-judgment evidence. *See* 28 U.S.C. § 1746; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

Viewing the competent summary-judgment evidence in the light most favorable to Massay, we cannot reasonably infer the BOP

4

breached its duty or caused Massay's injuries.  For the foregoing reasons, summary judgment was proper.

                                                            **_AFFIRMED_**