IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-30027
Summary Calendar

GREGORY REESE

Petitioner-Appellant

V.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-6440

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gregory Reese, Louisiana prisoner # 107011, appeals the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction for armed robbery. The district court granted Reese a certificate of appealability on his claims that the pretrial identification procedures by which two witnesses identified him were unduly suggestive in violation of his due process rights and that the trial judge's failure to recuse herself violated his due process rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal habeas relief may not be granted upon any claim that was "adjudicated on the merits in State court" unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) & (2); see Williams v. Taylor, 529 U.S. 362, 409 (2000). We review the district court's findings of fact for clear error and rulings on issues of law de novo. Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

Reese argues that the pretrial identification procedures by which two witnesses identified him were unduly suggestive because the witnesses were told that there was a suspect in custody before they identified him from a photo spread. He suggests that the other people in the photo spread were not similar to him in appearance, but does not explain how the other people were different. He asserts that the state court decision was contrary to federal law because it addressed only one of the two factors that must be shown to demonstrate that an identification procedure violated due process. He further contends that the identification of him by the witnesses was likely mistaken because the witnesses were paying more attention to each other than him, because no attorney was present at the time the identifications were made, because the description of offender given at the scene of the crime was vague, because the witnesses only saw events occurring immediately after the offense occurred, not the offense itself, and because of the time between the offense and when the witnesses identified him in the photo spread.

"Pretrial identification procedures are constitutional unless the pretrial identification was so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law." Peters v. Whitley, 942 F.2d 937, 939 (5th Cir. 1991) (internal quotation marks and citation omitted). Thus, this court first considers "whether the identification

procedure was impermissibly suggestive, and if so, whether there was a substantial likelihood of misidentification." Id.

The state court of appeal rejected this claim on the ground that Reese had not shown that the identification procedure was unduly suggestive. Assuming arguendo that the witnesses were told that a suspect was in custody before viewing the photo spread, this does not show that the state court's determination was improper. See United States v. Henderson, 489 F.2d 802, 805 (5th Cir. 1973). As Reese has not substantiated his conclusional suggestion that the other people in the photo spread did not have a similar appearance to him, this claim also fails. See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Reese's assertion that the state court of appeal's denial of this claim was contrary to federal law because it addressed only one factor of the appropriate test is without merit as the state court of appeal ruled that the identification procedures were not unduly suggestive and the second part of the test is not reached unless a habeas applicant shows that the identification procedures were unduly suggestive. See Peters, 942 F.2d at 939. Similarly, we do not reach the remainder of Reese's substantive challenges to the identification procedures because they concern whether there was a substantial likelihood of misidentification, and we need not reach that portion of the test because Reese has not shown that the identification procedures were impermissibly suggestive. See id.

Reese argues that the trial judge's failure to recuse herself violated his due process rights because of the judge's former position as First Assistant District Attorney. He alleges that the trial judge was in her former position when the present charge and an unrelated theft charge were filed against him. He maintains that the trial judge had a personal involvement with one of the prosecutions, but does not explain how she had a personal involvement except to allege that she was the supervisor of the prosecuting attorneys. He contends that the trial judge's failure to recuse herself violated Louisiana's Code of

Judicial Conduct and that the trial judge's rulings in his case show that she was biased against him.

While Reese alleges that the trial judge was personally involved in the prosecutions against him, the extent of the personal involvement that he alleges was that she supervised the prosecuting attorneys, not that she participated in the prosecutions. This detached involvement is insufficient to show that the trial judge was biased against him or violated his due process rights by not recusing herself. See Donald v. Jones, 445 F.2d 601, 606-07 (5th Cir. 1971); cf. Mangum v. Hargett, 67 F.3d 80, 82-83 (5th Cir. 1995) (holding district court judge not required to disqualify himself from habeas case pursuant to 28 U.S.C. § 455 when he was an assistant district attorney at time of petitioner's guilty plea because he was not involved with prosecution of case). To the extent that Reese argues that the trial judge violated state law by not recusing herself, his claim is not cognizable in a § 2254 application. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). While Reese contends that rulings of the trial judge show that she was biased against him, Reese has not shown that the rulings were erroneous, and, even if the rulings were erroneous, this would be insufficient to show bias. See Bigby v. Dretke, 402 F.3d 551, 563 (5th Cir. 2005). Reese has not shown that the state court's denial of this claim was contrary to, or an unreasonable application of, federal law. See § 2254(d).

Reese moves for appointment of counsel on appeal. Appointment of counsel is not warranted in this case because the interests of justice do not require such an appointment. See Santana v. Chandler, 961 F.2d 514, 516-17 (5th Cir. 1992).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.