IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-20390
Summary Calendar

PATRICIA SPENCER PATTERSON,

Plaintiff-Appellant

v.

HARRIS COUNTY JAIL,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1516

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pro se and in forma pauperis inmate Patricia Spencer Patterson
(Patterson), SPN # 00252539, appeals the sua sponte dismissal of her 42 U.S.C.
§ 1983 claim for denial of access to courts for failure to exhaust administrative
remedies pursuant to 42 U.S.C. § 1997e(a) and failure to state a claim upon
which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). She also
moves this court to appoint appellate counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Patterson acknowledged on the face of her complaint that she had not exhausted her administrative remedies, and in support of her claim that she was denied access to courts, Patterson alleged that she was denied access to the law library on three occasions. Patterson argues on appeal that she should have been allowed to amend her complaint prior to its dismissal.

A civil rights plaintiff should be given an opportunity to amend her complaint before it is dismissed for failure to state a claim. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Any error, however, may be harmless if the plaintiff has alleged her "best case." Id. at 1054.

A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). "The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." Woodard v. Andrus, 419 F.3d 348, 351 (5th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Prisoners have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, "Bounds did not create an abstract, freestanding right to a law library or legal assistance." Lewis, 518 U.S. at 351. To prevail on a claim of denial of access to courts, a prisoner must show actual injury. Id. at 349-52.

Although Patterson alleged that she had been denied access to the law library on three occasions, she failed to allege in the district court or in this Court that she had suffered an actual injury. Her failure to allege actual injury is therefore fatal to her "denial of access to courts" claim. Id. Thus, the district court did not err by dismissing this claim for failure to state a claim upon which relief may be granted. Moreover, because Patterson has set forth her "best case,"

it was harmless error for the district court to dismiss her case without allowing Patterson an opportunity to amend. Bazrowx, 136 F.3d at 1054.

Finally, Patterson has moved this court to appoint appellate counsel. A plaintiff may request the appointment of counsel under 28 U.S.C. § 1915(e)(1), the federal statute governing proceedings in forma pauperis. That section provides that this court may appoint an attorney "to represent any person unable to afford counsel." Counsel is generally appointed under § 1915(e)(1) only in "exceptional circumstances." Santana v. Chandler, 961 F.2d 514, 515 (5th Cir. 1992); Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

In ruling on such requests in a § 1983 case, a district court must consider: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting her case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. Ulmer, 691 F.2d at 213. Although not all of these considerations apply to requests for appellate counsel, "the duty to consider the appellant's ability to present fairly his or her case is the same." Dilworth v. Box, No. 94-41088, 1995 WL 295885, at *4 (5th Cir. April 20, 1995) (unpublished). Patterson has failed to set forth "exceptional circumstances" that warrant appointment of counsel here, and, as such, her motion is denied. Santana, 961 F.2d at 515.

JUDGMENT AFFIRMED; MOTION DENIED.