# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2010

Charles R. Fulbruge III
Clerk

No. 09-10706
Summary Calendar

JOHNNY DEWAYNE LEWIS,

Plaintiff-Appellant

v.

STEVEN R. HEROD, Judge 91st District Court; RUSSELL D. THOMASON,
District Attorney, 91st District,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-67

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnny Lewis, former Texas prisoner # 1558124, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his 42 U.S.C. § 1983 case against a Texas state court judge and a Texas district attorney. The district court dismissed Lewis's suit as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), finding that the judge and the district attorney were immune from Lewis's suit.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his brief, Lewis argues that he lacks funds to pursue his appeal, but he fails to brief any argument regarding the district court's certification decision or, in particular, its dismissal of his § 1983 lawsuit as frivolous and for failure to state a claim upon which relief can be granted. Although we liberally construe pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to discuss the district court's rationale for dismissing his complaint, Lewis has abandoned the issue, and it is the same as if he had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Lewis has failed to demonstrate that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is denied. *See* FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). This appeal is without merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Lewis has also filed a motion for the appointment of counsel. Lewis has not met the requisite "exceptional" requirements for appointment of counsel, *Santana v. Chandler,* 961 F.2d 514, 515 (5th Cir. 1992); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), and his motion is denied. Lewis has filed a motion for the discovery of evidence in another case. In light of the foregoing, this motion is likewise denied.

Finally, this court's dismissal of the instant appeal and the district court's dismissal each count as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Lewis is warned that if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See id.*

MOTIONS DENIED; APPEAL DISMISSED; THREE STRIKES WARNING ISSUED.