REVISED December 9, 2010

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2010

Lyle W. Cayce
Clerk

No. 09-10993
Summary Calendar

JOHNNY DEWAYNE LEWIS,

Plaintiff-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; WARDEN NFN MCKENNON;
NFN BURDETT, Assistant Warden; CELESTE BYRNE, Private Contract
Monitoring; BOBBY LUMKIN, Deputy Director of Operations; NFN OWENS;
NFN MORALES;

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-508

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnny Dewayne Lewis, Texas inmate # 1558124, appeals the sua sponte dismissal of his pro se informa pauperis (IFP) 42 U.S.C. § 1983 claim for denial of access to courts and seizure of personal mail for failure to state a claim upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lewis filed suit against the director of the Texas Department of Criminal Justice as well as several other prison officials. He also moves this court for injunctions pending appeal.

A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). "The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." Woodard v. Andrus, 419 F.3d 348, 351 (5th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Prisoners have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, "Bounds did not create an abstract, freestanding right to a law library or legal assistance." See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). To prevail on a claim of denial of access to courts, a prisoner must show actual injury. Id. at 349-52. Lewis's claims that he was denied access to courts because prison officials denied him legal envelopes and also failed to send out his legal mail are without merit. Specifically, his failure to allege that he suffered an actual injury is fatal to his "denial of access to courts" claim. Id. at 349-52. Thus, the district court did not err by dismissing this claim for failure to state a claim upon which relief may be granted.

Additionally, Lewis's claim that his First Amendment rights were violated because prison officials seized and destroyed a personal incoming letter is likewise without merit. In particular, because Lewis failed to identify any error in the district court's analysis regarding this claim, it is as if he had not appealed the judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal

construction, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Lewis has not addressed the district court's determination that this claim should be dismissed for failure to state a claim, he has abandoned this issue. See Brinkmann, 813 F.2d at 748; Yohey, 985 F.2d at 224-25.

Lewis has requested injunctions ordering prison officials to provide him with copies of "legal papers" and to provide him with access to courts. To obtain a preliminary injunction, movant must establish: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) that the injunction will not serve the public interest. See FED. R. APP. P. 8; United States v. Baylor University Med. Ctr., 711 F.2d 38, 39 (5th Cir. 1983). Lewis fails to make the requisite showing; therefore, his motions for injunction pending appeal are denied.

Finally, the district court's dismissal of Lewis's complaint counts as a strike for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Lewis previously accumulated two strikes in Lewis v. Herod, No. 09-10706, 2010 WL 444406 (5th Cir. Feb. 2, 2010) (unpublished). Because Lewis has now accumulated three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See id.

JUDGMENT AFFIRMED; MOTIONS DENIED; THREE-STRIKES BAR IMPOSED