# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2011

Lyle W. Cayce
Clerk

No. 11-10036
Summary Calendar

SHAUN WILSON,

Plaintiff-Appellant,

versus

OFFICER RANDALL BUSTER; LUBBOCK COUNTY JAIL,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:10-CV-9

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Shaun Wilson, Texas prisoner # 1617271, proceeding *pro se*, moves for leave to appeal *in forma pauperis* ("IFP") following the magistrate judge's[1] denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Wilson consented to proceed before the magistrate judge.

of his IFP motion and certification that his appeal is not taken in good faith. Wilson seeks to appeal the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and (2). He alleged that Officer Randall Buster used excessive force when he pulled Wilson's arm, which was in a sling from a shoulder injury, through his cell bars. He alleged that the Lubbock County Jail failed to protect him from Buster's actions.

We construe Wilson's motion to proceed IFP and his appellate brief as a challenge to the district court's certification that the appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). We ask only whether the appeal involves meritorious legal issues. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Where the merits are intertwined with the IFP decision, we may reach the merits when deciding the IFP motion. *Baugh*, 117 F.3d at 202. Because the magistrate judge dismissed the complaint both as frivolous and for failure to state a claim, our review is *de novo*. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Wilson's initial claim that the magistrate judge erred in dismissing his complaint before allowing Wilson to amend is without merit, because the judge held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), in which Wilson fully elaborated on his claims. *Cf. Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (vacating and remanding because the district court did not provide plaintiff with opportunity to offer more detailed set of factual claims). Regarding Wilson's claim against Buster, the primary focus of an excessive-use-of-force claim is the reason behind the use of force, namely, "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Both the force used and the injury must be more than *de minimis* and must be evaluated in the context in which the force was deployed. *Id.* at 9-10; *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010). As the district court concluded, in light of Wilson's allegations and the medical evidence, any

force used by Buster and any injury received by Wilson do not give rise to a claim of a constitutional violation.

Additionally, Wilson also cannot show that jail officials are liable for failing to protect him.  Nothing in the record establishes that officials could have prevented the incident or even knew of Buster's alleged intentions.  Accordingly, Wilson cannot establish that jail officials knew of a "substantial risk of serious harm" to Wilson or that they disregarded the risk by "failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Wilson likewise cannot succeed on any claim of vicarious liability or *respondent superior*, because under § 1983, there is no liability under these theories. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  Finally, because Wilson has not established "exceptional circumstances," his motion for appointment of counsel is denied. *See Santana v. Chandler,* 961 F.2d 514, 515 (5th Cir. 1992); *see also Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Wilson's appeal does not involve legal points that are arguable on the merits, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and his IFP motion is DENIED, *see Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997).  Because the resolution of Wilson's challenge to the district court's certification order requires resolution of the merits of his appeal, the appeal is DISMISSED as frivolous. *See id.*; 5TH CIR. R. 42.2.

Our dismissal of this appeal and the district court's dismissal of Wilson's complaint as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir.1996).  We caution Wilson that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).