# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 29, 2012

Lyle W. Cayce
Clerk

No. 11-10376
Summary Calendar

GEORGE ESPINAL,

Plaintiff-Appellant

v.

DUANE BEMIS, Senior Chaplain,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-55

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

George Espinal, federal prisoner # 29798-054, appeals the dismissal of his constitutional claims against Duane Bemis, prison chaplain. Espinal asserted that Bemis violated several of his constitutional rights after Bemis denied Espinal's request to be placed on a kosher diet. The district court granted Bemis's motion for summary judgment, determining that Espinal had failed to exhaust administrative remedies.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10376

A *Bivens*[1] action is analogous to a § 1983 action; the only difference is that § 1983 claims apply to constitutional violations by state actors and *Bivens* claims apply to actions by federal officials. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). This court does not distinguish between *Bivens* claims and § 1983 claims. *Id.* This court reviews a district court's summary judgment dismissal of a § 1983 complaint for failure to exhaust de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust his administrative remedies before he may file a § 1983 suit against prison officials. 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted).

Summary judgment in favor of Bemis on exhaustion grounds was proper because it is undisputed that Espinal failed to file an appeal to either Cornell Corporation or to the Bureau of Prisons National Inmate Appeals Administrator, as required by the prison's grievance procedures. *See id.* Espinal's argument that he was excused from filing the necessary appeals because prison officials failed to respond to his grievances is without merit. Because his grievances were deemed denied if prison officials failed to respond within 20 days, he was not excused from filing subsequent appeals even if the prison failed to respond. Additionally, his argument that prison staff confiscated legal papers that were relevant to the exhaustion issue is likewise without merit; he did not allege what documents were taken or that they were any of the forms required for him to complete the exhaustion process.

Because Espinal has not shown "exceptional circumstances," his motion for the appointment of counsel is denied. *See Santana v. Chandler,* 961 F.2d 514, 515 (5th Cir. 1992); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Finally, the district court's partial dismissal of the complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 460-64 (5th Cir. 1998). Espinal is cautioned that if he accumulates three strikes under § 1915(g) he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.