# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 11-40262
Summary Calendar

Lyle W. Cayce
Clerk

CLAY BENTLEY LABORDE,

Plaintiff-Appellant

v.

DAN LOWE, Nurse; UNIDENTIFIED LINDSEY, Nurse; GEORGE FLOWERS, Jail Administrator,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-156

Before JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Clay Bentley LaBorde, Texas prisoner # 1682473, appeals the magistrate judge's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim. The parties consented to allow the magistrate judge to enter a final judgment pursuant to 28 U.S.C. § 636(c).

If LaBorde's brief is liberally construed, he argues that the magistrate judge erred in dismissing his claim that the defendants were deliberately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indifferent to his serious medical need for prescription medication for his high blood pressure. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The magistrate judge did not err in dismissing LaBorde's claim. During the period at issue, LaBorde was a pretrial detainee at the Van Zandt County Jail. Laborde received extensive medical care and numerous prescription medications; he has not shown any intentional delay or refusal to provide him with medical treatment for his high blood pressure or any other medical condition for which he requested treatment. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). At most, he has established a disagreement with his treatment, unsuccessful treatment, or negligence, which does not amount to a constitutional violation. *See Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). Therefore, he has not shown that the Nurses Dan Lowe and Lindsey Brignac were deliberately indifferent to his serious medical needs. *See id.* Because George Flowers was not directly involved in LaBorde's medical treatment, LaBorde has not shown that the magistrate judge erred in dismissing his claim against Flowers. *See Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008).

By failing to raise the arguments concerning interference with his legal mail and retaliation, LaBorde has abandoned these claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25. We will not consider LaBorde's claims raised for the first time on appeal concerning violations of his rights to due process, equal protection, and effective assistance of counsel. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Finally, because LaBorde has not shown exceptional circumstances that warrant the appointment of counsel, his request for appointment of counsel is denied. *See Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992).

The magistrate judge's dismissal of LaBorde's § 1983 complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). LaBorde is CAUTIONED that if he accumulates three strikes, he will not

No. 11-40262

be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

**AFFIRMED; SANCTION WARNING ISSUED.**