Hector OROZCO, Petitioner–Appellant,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Perry A. Rivkind and Kenneth Powers, Respondents–Appellees.

No. 89–5800

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 7, 1990.

Linda Collins Hertz, Anne M. Hayes, Asst. U.S. Attys., Miami, Fla., for respondents-appellees.

Before TJOFLAT, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

This appeal addresses the issue of whether incarcerated aliens may compel the Immigration and Naturalization Service (INS), through a petition for writ of habeas corpus, to provide an immediate disposition of deportation proceedings upon the filing of an INS detainer with the penal facility where the alien is incarcerated. We hold that incarcerated aliens may not maintain such actions and affirm the dismissal of the petition by the district court.

BACKGROUND

Appellant Orozco, a state prisoner and Columbian national, petitioned for federal habeas relief pursuant to 28 U.S.C. § 2241. He also invoked 42 U.S.C. §§ 1985 and 1986, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcot-*

*ics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., as jurisdictional bases for his petition. Named as respondents were the INS and various INS administrators.

Orozco's claims arise out of a detainer lodged against him by the INS. He alleged that, shortly after his arrest, the INS filed a notice of detainer indicating that it had initiated an investigation to determine whether he was subject to deportation from the United States. He further alleged that, during the next five years, he repeatedly asked the INS for information about the proceedings but received no response other than a single letter from a defendant assistant district director stating that the detainer could not be lifted. Orozco claimed that the lack of response from the INS violated his due process rights. For relief, he requested damages and an order compelling the INS to proceed with the filing of a "show cause" order pursuant to 8 C.F.R. § 242.1(a).

Prior to service on the respondents, a magistrate issued a report in which she found that an INS detainer based upon an investigation to determine deportability cannot be the basis of federal habeas relief by a prisoner presently serving a sentence who contends that he is suffering adverse consequences from the detainer. The magistrate also found that 42 U.S.C. §§ 1985 and 1986 were "not properly invoked for several reasons, but most cogently because the defendant federal officials do not act under color of state law." The magistrate also found that Orozco could not recover under the Tort Claims Act or in a *Bivens* action "for multiple reasons. The simplest is that damages could not lie unless the placing of the detainer is unlawful. Such detainers are lodged pursuant to the authority of 8 C.F.R. § 242.2, and their validity cannot be tested prior to completion of service of the state sentence...." Therefore, the magistrate recommended that the petition be denied.

Orozco filed objections stating that he was not challenging "adverse conditions" created by the detainer, but was challeng-ing denial of due process because the INS did not respond to his inquiries and failed to substantiate the deportation grounds underlying the detainer lodged against him. He reiterated his desire for an order directing the INS to respond to his inquiries, and to issue a show cause order which would properly trigger the deportation proceedings and the consequent specifications forming the basis for the deportation request. He added a jurisdictional claim pursuant to 8 U.S.C. § 1252(a) and emphasized that a recent statutory amendment, specifically 8 U.S.C. § 1252(i), required the INS to begin deportation proceedings promptly after conviction.

The district court issued a final order adopting the magistrate's report and recommendation and dismissing the case. Orozco filed a motion requesting that additional findings of fact be made and that the judgment be amended or altered. The district court found that its previous final order adopted the magistrate's report and recommendation and thus contained sufficient findings of fact and, accordingly, denied the motion.

## DISCUSSION

On appeal Orozco argues that the district court erred in dismissing his petition because the detainer was unlawful. He emphasizes that he is "challenging the appropriateness and lawfulness" of the detainer, not the adverse consequences of the detainer. Orozco argues that the INS failed to issue a show cause order which would set out the essential facts and allegations relative to his alleged violation. Without such an order he contends that he cannot prepare a defense. Orozco contends that the continuance of the detainer without an opportunity to examine and challenge the allegations against him deprives him of due process.

The INS indicates that it will take Orozco into custody *after* he is released from state prison and *then* begin deportation proceedings. At such time the requisite show cause order will issue to initiate the deportation proceedings.

■ Challenges to deportation proceedings are cognizable under 28 U.S.C. § 2241. *United States ex rel. Marcello v. District Director of Immigration & Naturalization Service,* 634 F.2d 964, 967 (5th Cir.), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 421 (1981). Under certain circumstances, challenges to detainers may also be brought under § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 498, 93 S.Ct. 1123, 1131, 35 L.Ed.2d 443 (1973). Thus, Orozco's reliance upon 42 U.S.C. §§ 1985 and 1986, *Bivens,* and the Federal Tort Claims Act is inappropriate for the relief he seeks.

Title 8 U.S.C. § 1252(a) mandates the procedures for the arrest and custody of aliens pending a determination of their deportability. Upon a conclusive showing in habeas proceedings that the Attorney General failed to proceed with "such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability," then "[a]ny court of competent jurisdiction" may review or revise any determination of the Attorney General concerning the alien's status pending a final decision of deportability. 8 U.S.C. § 1252(a). Section 1252(i) provides that, in the case of an alien who is convicted of an offense that makes the alien subject to deportation, the Attorney General shall begin any deportation proceedings as expeditiously as possible after the date of conviction. 8 U.S.C. § 1252(i).[1]

Detainers may only be issued in the case of an alien who is amenable to exclusion or deportation proceedings under any provision of law. 8 C.F.R. § 242.2(a)(1). The filing of an order to show cause commences the proceeding to determine deportability of an alien in the United States. 8 C.F.R. § 242.1(a). Such an order contains a statement of the nature of the proceeding, the legal authority under which the proceeding is conducted, a concise statement of factual allegations informing the respondent of the act or conduct alleged to be in violation of the law, and a designation of the charge against the respondent and of the statutory provisions alleged to have been violated. 8 C.F.R. § 242.1(b).

The Eighth Circuit has squarely addressed a case in which a prisoner made the same claim that Orozco presents to this court. *Campillo v. Sullivan,* 853 F.2d 593 (8th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989). The Eighth Circuit held that the writ of habeas corpus functions to grant relief from unlawful custody or imprisonment and, citing 28 U.S.C. § 2241(c), found that absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ. 853 F.2d at 595.

■ In the instant case, as in *Campillo,* the INS has not yet commenced proceedings to determine deportability but has merely lodged a detainer.[2] The filing of the detainer, standing alone, did not cause Orozco to come within the custody of the INS. Accordingly, the petitioner failed to demonstrate that he was entitled to proceed under section 2241.

To the extent that Orozco's statements in his objections to the magistrate's report and recommendation could be construed as seeking a private right of action under section 1252(i) to require the Attorney General to begin deportation proceedings, this court concurs in the conclusion by the Eighth Circuit in *Gonzalez v. United States Immigration & Naturalization Service,* 867 F.2d 1108, 1109–10 (8th Cir. 1989), that an incarcerated alien has no private right of action under section 1252(i).

■ Orozco's claim that his due process rights were violated because state prison officials allegedly requested that the INS file the detainer and that the request was discriminatorily based on his Spanish ancestry and manner of speech is without merit.

---

**1.** Orozco was convicted of cocaine trafficking. A conviction on such an offense makes him subject to deportation. 8 U.S.C. § 1251(a)(11).

**2.** The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release. *United States v. Shahryar,* 719 F.2d 1522, 1524 n. 3 (11th Cir.1983).

State or local officials may legally inform the INS of a suspected illegal alien who has been arrested on a controlled substance violation. 8 U.S.C. § 1357(d). The suspect's appearance and manner of speaking may logically form the basis of their suspicion. Orozco was arrested on a controlled substances violation and state officials apparently had reason to suspect that he was an illegal alien. His claim that the state officials discriminatorily suspected that he was an illegal alien because of his Spanish ancestry and manner of speech is conclusory.

Orozco also contends that the district court did not conduct a *de novo* review of the record before adopting the magistrate's report and recommendation. This claim is also without merit. In the order adopting the magistrate's report and recommendation, the district court stated that it had reviewed the record. There is no indication that the district court did not conduct the requisite *de novo* review.

AFFIRMED.