[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15972
Non-Argument Calendar

_____

D. C. Docket No. 99-00395-CR-T-27EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN BRITO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 30, 2009)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan Brito, a pro se federal prisoner serving a 121-month sentence for

possession with intent to distribute methamphetamine, appeals the district court's denial of his "Motion Requesting From Court to Issue an Order to Government to Transfer Defendant to Probation Department Under Court's Supervision to Start Supervised Release Pursuant to Court's Judgment/Commitment Order" filed after Immigration and Customs Enforcement (ICE) issued a detainer against him.

Brito argues that the government violated the district court's sentencing order by using immigration laws to alter the second part of his sentence, preventing him from serving his court-ordered 5 years' supervised release. Brito requests that we uphold the district court's sentence in its entirety, allowing him to serve 121 months' imprisonment and 5 years' supervised release. Brito claims that the district court could have provided that he would be deported as a condition of his supervised release, but that such a condition should have been put in place at the time of sentencing, which it was not. Accordingly, Brito also claims that ICE lacked jurisdiction to violate the district court's order and that the government's denying him supervised release violated 18 U.S.C. § 3624(e), the statute outlining supervised release.

The filing of a detainer, standing alone, does not cause an alien to be in the custody of immigration officials such that he or she would be entitled to pursue habeas corpus relief under 28 U.S.C. § 2241. See Orozco v. U.S. I.N.S., 911 F.2d

539, 541 & n.2 (11th Cir. 1990). However, the All Writs Act provides that district courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The [All Writs] Act does not create any substantive federal jurisdiction" but instead it is only "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099 (11th Cir. 2004). "[T]he All-Writs Act also empowers federal courts to issue injunctions to protect or effectuate their judgments," at their discretion. Burr & Forman v. Blair, 470 F.3d 1019, 1026 (11th Cir. 2006). An "All Writs Act injunction . . . must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." Klay, 376 F.3d at 1100.

Under immigration law, the Attorney General shall take aliens who have committed felonies into custody "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation." 8 U.S.C. § 1226(c)(1). "[T]he Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A). However, "[p]arole, supervised release, probation, or possibility

3

of arrest or further imprisonment is not a reason to defer removal." Id.

The district court did not err in declining to issue an extraordinary writ because Brito properly was placed under a detainer by ICE pursuant to statute, and ICE's action did not keep the district court from effectuating its judgment. Accordingly, we affirm.

**AFFIRMED.**