[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14850
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-21217-CV-AJ

KAMAGA ROBERTS,

Plaintiff-Appellant,

versus

INS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2010)

Before TJOFLAT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Kamaga Roberts pro se appeals from the district court's sua sponte dismissal

of her amended complaint.   After review, we affirm.

## I. BACKGROUND

**A.    Naturalization Application**

Roberts is a Jamaican citizen who has been living in the United States for approximately 24 years.  In January 2008, Roberts submitted a naturalization application to become a United States citizen.  In May 2008, Roberts completed her citizenship interview and passed a civics test and a Federal Bureau of Investigation background check.

In June 2008, while her naturalization application was pending, Roberts was arrested on two felony counts of importing cocaine into the United States and possessing cocaine with the intent to distribute it.  In October 2008, Roberts pled guilty in federal court to both counts and received a 21-month sentence.

The Department of Homeland Security ("DHS") subsequently denied Roberts' naturalization application.  Roberts has not challenged before an immigration officer the denial of her naturalization application.  DHS issued a detainer advising that it sought custody of Roberts for purposes of removing her after her prison term ends.  Roberts received notice of the detainer, but has not received a Notice to Appear commencing removal proceedings.  In her appeal brief, Roberts admits that she has not yet been taken into DHS custody.

**B.     First Complaint**

While serving her prison sentence, Roberts pro se filed this civil action

seeking: (1) review of her naturalization application; (2) removal of the detainer

lodged against her; and (3) a declaration that she is a national of the United States.

The district court sua sponte dismissed Roberts' complaint, but gave Roberts until

June 11, 2009 to file an amended complaint.  The district court rejected Roberts's

argument that 8 U.S.C. § 1252(b)(5) provided the jurisdictional basis to review

Roberts' nationality claim.  Instead, the district court liberally construed Roberts'

complaint to raise a nationality claim under 28 U.S.C. § 2241 and 28 U.S.C.

§ 2201 and concluded that Roberts' complaint failed to state a claim.  The district

court also determined that filing her naturalization application and swearing

allegiance to the United States were insufficient to make Roberts a U.S. national.[1]

**C.     Amended Complaint**

Roberts timely filed a pro se pleading–titled a Declaration of

Nationality–seeking relief under 8 U.S.C. §§ 1429 and 1101(a)(22)[2] and reiterating

---

[1]Although the district court did not cite a provision for its sua sponte review of Roberts'
complaint, it appears to have been acting pursuant to 28 U.S.C. § 1915 and to have dismissed
Roberts' § 2241 claim for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii).

[2]Section 1429 of Title 8 provides that a person seeking naturalization must prove, inter
alia, that he or she is a lawful permanent resident and that there is no pending removal
proceeding pursuant to a warrant for arrest.  8 U.S.C. § 1429.  Section 1101(a)(22) defines the
term "national" as "a person owing permanent allegiance to a state."  8 U.S.C. § 1101(a)(22).

3

her claim to being a U.S. national. Roberts also filed a pro se pleading–titled Judicial Review after Denial of Application–which reiterated her request to review her naturalization application and the detainer against her and cited 8 U.S.C. § 1421(c) as a jurisdictional basis for relief. Roberts asked the district court to remove the detainer and order the Attorney General to grant her naturalization application.

The district court construed Roberts' new filings as her amended complaint and dismissed the amended complaint without prejudice for lack of subject matter jurisdiction. The district court concluded that it lacked jurisdiction: (1) to review the denial of her naturalization application because she had not exhausted administrative remedies; or (2) to review the detainer against Roberts because she had not alleged she was in immigration custody pursuant to the detainer. The district court did not disturb its previous ruling denying Roberts' request for a declaration of nationality. Roberts filed this appeal.[3]

## II. DISCUSSION

### A. Naturalization Application

---

[3]After filing her notice of appeal, Roberts filed a motion for reconsideration in the district court. The district court construed it as a motion under Federal Rule of Civil Procedure 60(b) and denied the motion. Roberts did not file a notice of appeal after this ruling. Thus, we do not have jurisdiction to review the district court's order denying the Rule 60(b) motion. See Fed. R. App. P. 4(B)(ii).

4

The Immigration and Nationality Act ("INA") authorizes a person whose application for naturalization is denied to seek review of such denial in the district court, but only "after a hearing before an immigration officer under section 1447(a) of this Title." INA § 310(c), 8 U.S.C. § 1421(c); see also INA § 336, 8 U.S.C. § 1447 (outlining the procedures governing hearings on denials of applications for naturalization). A "determination denying an application for naturalization . . . shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the applicant under section 336 of the Act." 8 C.F.R. § 336.9(d).[4]

Here, Roberts concedes that she has not challenged in a hearing before an immigration officer the denial of her naturalization application, as required by the INA. Therefore, the district court correctly concluded that it lacked subject matter jurisdiction over Roberts's challenge to the denial of her naturalization application.

**B.    Detainer**

The DHS may issue detainers against aliens arrested for violating controlled substance laws and, if the detainer is issued and the alien is not otherwise in custody, the Attorney General is required expeditiously to take custody of the

---

[4]We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

alien.  See INA § 287(d), 8 U.S.C. § 1357(d).[5]  "Under certain circumstances, challenges to detainers may . . . be brought under § 2241."  Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990).  However, "[t]he filing of [a] detainer, standing alone, [does] not cause [the petitioner] to come within the custody of the [DHS]" for purposes of § 2241 jurisdiction.  Id. (affirming dismissal of alien's § 2241 petition challenging immigration detainer where alien was incarcerated on state charges); see also 28 U.S.C. § 2241(c) (requiring § 2241 petitioner to be "in custody" unless it is necessary to bring him into court to testify or for trial).

Here, although Roberts's complaint alleged that DHS lodged a detainer against her, it did not allege that Roberts was taken into DHS custody and that removal proceedings had commenced.  In fact, Roberts alleged that she had not received a Notice to Appear and admitted in her filings that she is not in DHS custody.  Under Orozco, the district court properly dismissed without prejudice Roberts' § 2241 challenge to her immigration detainer.

## C.    Nationality Claim

Citing 8 U.S.C. § 1252(b)(5), Roberts' initial complaint sought an order

---

[5]"A detainer serves to advise another law enforcement agency that the [Department of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien."  8 C.F.R. § 287.7(a).  "The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible."  Id.

6

declaring her to be a "national" of the United States. The district court correctly concluded that § 1252(b)(5) addresses immigration removal proceedings and did not provide jurisdiction to grant Roberts relief.

Section 1252 of Title 8 provides for judicial review of removal orders solely by the Court of Appeals. See 8 U.S.C. § 1252(a)(1), (5). Section 1252(b)(5) authorizes the Court of Appeals, in reviewing a final order of removal, to address a petitioner's nationality claim if there is no genuine issue of material fact. See 8 U.S.C. § 1252(b)(5)(A). However, if an issue of fact exists, the Court of Appeals must transfer the proceeding to the district court for a determination "as if an action had been brought in the district court" under 28 U.S.C. § 2201. 8 U.S.C. § 1252(b)(5)(B). Further, "[t]he petitioner may have such nationality claim decided only as provided in this paragraph." 8 U.S.C. § 1252(b)(5)(C).

Here, Roberts has not raised her nationality claim within the context of immigration proceedings, much less in a petition for review of a final order of removal. Thus, § 1252(b)(5) does not provide the district court (or this Court) with jurisdiction.

In her amended complaint and on appeal, Roberts also cites 8 U.S.C. § 1429. Section 1429 delineates the prerequisites for naturalization; it does not give the district court jurisdiction to determine a person's status as a U.S. national. See 8

7

U.S.C. § 1429.

The district court liberally construed Roberts' complaint as a § 2241 petition and concluded that it failed to state a nationality claim. However, for the same reason the district court lacked jurisdiction to entertain Roberts' § 2241 challenge to her immigration detainer, the district court lacked jurisdiction to entertain a nationality claim brought pursuant to § 2241.

Additionally, because it is clear on the face of Roberts' complaint that immigration proceedings had not yet begun, the district court did not err in dismissing without prejudice any declaratory judgment action pursuant to 28 U.S.C. § 2201. See McGrath v. Kristensen, 340 U.S. 162, 168-69 & n.10, 71 S. Ct. 224, 228-29 & n.10 (1950) (stating that "[w]here an official's authority to act depends upon the status of the person affected, in this case eligibility for citizenship, that status, when in dispute, may be determined by a declaratory judgment proceeding after the exhaustion of administrative remedies" and concluding that the plaintiff could bring a § 2201 declaratory judgment action to determine citizenship status because the Attorney General's refusal to suspend deportation was a final administrative decision).

**AFFIRMED.**