[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16509
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00089-LGW-JEG

RAFAEL ENRIQUE GONZALES-CORRALES,

Petitioner-Appellant,

versus

I.C.E., c/o United States of America,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 21, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Appellant Rafael Enrique Gonzales-Corrales, a federal prisoner proceeding pro se, appeals the district court's denial without prejudice of his pleading titled "Challenge of Present and Future Incarceration," construed as a 28 U.S.C. § 2241 habeas petition. After review, we affirm.[1]

## I.  BACKGROUND FACTS

### A.    Gonzales-Corrales's Federal Conviction and Sentence

In January 2009, Gonzales-Corrales, a Cuban national, was convicted of a conspiracy to possess with intent to distribute methamphetamine in the Southern District of Florida. Gonzalez-Corrales currently is serving his federal 121-month sentence at D. Ray James Correctional Institution ("D. Ray James") in Folkston, Georgia, with a projected release date of June 11, 2017. The Department of Homeland Security ("DHS") issued an immigration detainer for Gonzales-Corrales, which was filed with the Bureau of Prisons ("BOP") on October 7, 2009.[2]

---

[1]We review de novo the dismissal of a § 2241 petition for lack of subject-matter jurisdiction. Alanis-Bustamante v. Reno, 201 F.3d 1303, 1306 (11th Cir. 2000).

[2]An immigration detainer "serves to advise another law enforcement agency that the [DHS] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien" and "is a request that such agency advise the [DHS], prior to release of the alien, in order for the [DHS] to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7(a).

**B.      District Court Proceedings**

Gonzales-Corrales filed a pro se pleading titled "Challenge of Present and Future Incarceration."  The pro se pleading named the Immigration and Customs Enforcement ("ICE"), a division of DHS, "c/o United States of America" as the respondent.  Gonzales-Corrales's pro se pleading alleged that because ICE lodged an immigration detainer, he is ineligible to participate in the BOP's Residential Drug Abuse Program ("RDAP") or to be released to a halfway house and is required to serve a sentence "under circumstances more severe than those facing" inmates who are U.S. citizens.  Gonzales-Corrales's pro se pleading asked the district court "to move I.C.E." to lift the detainer so Gonzales-Corrales will be eligible to participate in RDAP, but did not identify any statutory basis for the requested relief.

The district court construed Gonzales-Corrales's pro se pleading as a § 2241 habeas petition and issued a show cause order.  The government's response argued that Gonzales-Corrales: (1) had sued only ICE and failed to name the appropriate party for a § 2241 petition (the warden); (2) could not bring his conditions-of-confinement claims under § 2241; and, in any event, (3) had not exhausted his administrative remedies with the prison before filing his action.  The government submitted evidence of the grievance procedures at the prison and that Gonzales-

3

Corrales had not filed any grievances regarding the allegations in his pro se pleading.

Gonzales-Corrales replied, stating that he was not seeking relief under § 2241, but rather declaratory and injunctive relief under 42 U.S.C. § 1983, and that ICE was properly named as the defendant. Specifically, Gonzales-Corrales contended that, as a Cuban citizen, he cannot be removed back to Cuba. Because D. Ray James prison houses inmates who will be deported when they complete their sentences, however, D. Ray James prison has no programs for inmates who need to integrate back into U.S. society upon their release from prison. Gonzales-Corrales maintained that this "I.C.E. rule," as he referred to it, treats Cuban prisoners differently than other U.S. inmates in violation of his equal protection rights under the Fourteenth Amendment. Gonzales-Corrales did not address the government's argument that he had not exhausted his administrative remedies.

## C.    District Court's Dismissal Without Prejudice

In a report ("R&R"), a magistrate judge recommended that Gonzales-Corrales's action be dismissed without prejudice for failure to exhaust administrative remedies. The magistrate judge concluded that Gonzales-Corrales had filed "a 'mixed' petition," in that it asserted claims under both § 2241 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S 388, 91 S. Ct. 1999 (1971). The magistrate judge determined that, regardless of

4

how the action was characterized, however, Gonzales-Corrales still was required to exhaust his administrative remedies before filing his claims in federal court, and Gonzales-Corrales had not done so.

Neither party filed objections to the R&R.  The district court adopted the R&R in its entirety and dismissed Gonzales-Corrales's action without prejudice. Gonzales-Corrales filed this pro se appeal.

## II.  DISCUSSION

On appeal, Gonzales-Corrales argues for the first time that he was denied the forms necessary to exhaust his administrative remedies.  Gonzales-Corrales further contends that case managers at D. Ray James prison denied all Cubans the forms to file administrative remedies and that the warden threatened to transfer inmates who ask for the forms.

Gonzales-Corrales never raised the issue of the availability of administrative remedies in the district court, even though he had opportunities to do so in response to the government's exhaustion argument.  Generally, we do not consider for the first time on appeal arguments not presented in the district court.  Sterling Fin. Inv. Grp., Inc. v. Hammer, 393 F.3d 1223, 1226 (11th Cir. 2004).

Furthermore, regardless of whether Gonzales-Corrales exhausted available administrative remedies, the district court properly dismissed Gonzales-Corrales's pro se claims without prejudice.  See United States v. Al-Arian, 514 F.3d 1184,

5

1189 (11th Cir. 2008) (explaining that we may affirm the district court "for any reason supported by the record, even if not relied upon by the district court").

Assuming arguendo that Gonzales-Corrales's pro se pleading could be construed as a § 2241 petition challenging the execution of his sentence, his § 2241 petition did not name the proper respondent. The proper respondent to a § 2241 petition is "the person having custody of the person detained." 28 U.S.C. § 2243; see also Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 2717 (2004). In Gonzales-Corrales's case, that person is the warden at D. Ray James, the prison where he is currently incarcerated. See id.

Instead of naming the warden, Gonzales-Corrales named ICE as the § 2241 respondent and asked the district court to order ICE to lift its detainer so he would be eligible for these prison programs. On appeal, Gonzales-Corrales continues to insist that he has properly sued ICE and maintains that he is not challenging the prison's policies, procedures or practices. The problem for Gonzales-Corrales is that he is not in ICE custody.

Although "challenges to detainers may . . . be brought under § 2241" in certain circumstances, "[t]he filing of [a] detainer, standing alone, [does] not cause [the petitioner] to come within the custody of [immigration officials]." Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990). "[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ." Id.

6

Although Gonzales-Corrales alleged that ICE lodged a detainer against him, he did not allege that removal proceedings had commenced or that he had been taken into ICE custody.  Because Gonzales-Corrales is not in ICE custody, the district court lacked subject-matter jurisdiction to consider the construed § 2241 petition against ICE. Accordingly, the district court properly dismissed without prejudice the construed § 2241 petition.

To the extent Gonzales-Corrales's pro se pleading asserted a Bivens claim against ICE, the district court also properly dismissed it without prejudice. Although the Supreme Court in Bivens held that federal officials may be sued in their individual capacities for violations of an individual's constitutional rights, a plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity.  FDIC v. Meyer, 510 U.S. 471, 484-86, 114 S. Ct. 996, 1005-06 (1994).  Gonzales-Corrales did not sue any federal officials in their individual capacity.  Instead, his pro se pleading named only ICE, a federal agency that cannot be sued under Bivens.  Accordingly, we affirm the district court's dismissal without prejudice of Gonzales-Corrales's Bivens claims against ICE. [3]

---

[3]Gonzales-Corrales's pro se pleading arguably could also be construed as a petition for a writ of mandamus against ICE.  A mandamus, however, will lie only when, inter alia, the defendant owes the plaintiff a clear, non-discretionary duty.  See Heckler v. Ringer, 466 U.S. 602, 616, 104 S. Ct. 2013, 2022 (1984).  Gonzales-Corrales has not alleged that ICE has such a duty, and, in fact, whether or not to detain an alien after he finishes serving his criminal sentence pending a decision on whether to remove him is generally a matter within the discretion of the Attorney General.  See INA § 287(d), 8 U.S.C. § 1357(d); INA § 236(a)-(e), 8 U.S.C. § 1226(a)-(e); see also 8 C.F.R. §§ 236.1, 287.7.

**AFFIRMED.**