[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14418
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-24289-CMA

MARK R. LOUIS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 31, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Mark R. Louis, a Florida prisoner serving a life sentence for first degree murder, appeals the district court's denial of his pro se petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  On appeal, Louis argues that the immigration detainer entered against him violated his due process rights.  After careful review of the parties' briefs, we affirm.

I.

Louis is a native and citizen of Haiti.  He entered the United States without inspection on October 25, 1979.  On March 18, 1983, a Florida state court convicted him of first degree murder.   He was sentenced to life in prison and was required to serve at least 25 years before he was eligible for parole.  In April 1984, the Immigration and Naturalization Service (INS) initiated deportation proceeds against him by serving him with an order to show cause.  In March of the next year, an immigration judge ordered Louis deported to Haiti.

On June 13, 2007, the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE) lodged an immigration detainer against Louis with the Florida Department of Corrections.  The detainer notified the Department of Corrections that Louis may be subject to removal from the United States and requested that the Department of Corrections notify ICE before Louis was released from custody in order to provide the Department of Homeland Security adequate time to assume custody of him.

In the fall of 2011, Louis filed his 28 U.S.C. § 2241 petition in the District Court for the Southern District of Florida. The petition asks the district court to vacate his detainer because it violates his due process rights in two ways. First, the final removal order is invalid because changes in Haiti, particularly the destruction from the 2010 earthquake, prevent his removal. Thus, according to Louis, because the final removal is invalid, so too is the detainer. Second, the detainer prevented him from participating in work release and other prison privileges available to inmates not subject to an immigration detainer.

We review de novo the district court's denial of habeas relief under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004) (per curiam). A petitioner can use a § 2241 petition to challenge custody alleged to be in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). An ICE detainer, standing alone, is generally insufficient to establish ICE custody. *Orozco v. U.S. INS*, 911 F.2d 539, 541 (11th Cir. 1990) (per curiam).

Here, Louis does not challenge his custody in Florida state prison resulting from his Florida state conviction. Rather, Louis alleges that the ICE detainer is somehow "custody" that is "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). But Louis's claims must fail because "[t]he filing of the detainer, standing alone, did not cause [him] to come within the custody of

3

the INS." *Orozco*, 911 F.2d at 541.  Accordingly, the district court correctly

determined that it lacked jurisdiction over the petition.

    **AFFIRMED.**