[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13240
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00039-MW-EMT


YVON THEMEUS, SR.,

Petitioner-Appellant,

versus

US DEPARTMENT OF JUSTICE,
et al.,

Respondents,

IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 11, 2016)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Yvon Themeus, Sr., appeals the district court's rejection of his *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. After careful review, we affirm.

## I.

Themeus, a native and citizen of Haiti, received "lawful permanent resident" status in the United States in 1987. In 2005, he was convicted by jury in Florida state court of conspiracy to traffic cocaine and trafficking in cocaine. He served his sentence for that offense at a state correctional facility run by the Florida Department of Corrections ("FDOC"). In August 2007, the United States Immigration and Customs Enforcement ("ICE") lodged an immigration detainer[1] against Themeus with the FDOC. Then, in September 2007, an Immigration Judge ("IJ") issued a final order of removal, ordering that Themeus be removed from the United States because he had been convicted of an aggravated felony, namely cocaine trafficking.

---

[1] An immigration detainer "serves to advise another law enforcement agency that the Department [of Homeland Security ("DHS")] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien" and "is a request that such agency advise the [DHS], prior to release of the alien, in order for the [DHS] to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7(a).

In February 2015, Themeus filed the instant § 2241 petition while still incarcerated at the state facility. In his petition, Themeus broadly challenged both the removal order and the immigration detainer as violative of due process. He contended that the removal order was invalid because he was actually innocent of the state offenses and they were not yet final, as he was appealing them. He sought to challenge his future detention by ICE, pursuant to the detainer, under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491 (2001), and he argued that the immigration detainer prevented him from participating in FDOC work-release programs. Themeus's state sentence was set to expire in November 2015. For relief, Themeus requested that the court vacate the detainer or, alternatively, set a bond hearing. ICE moved to dismiss the § 2241 petition.

A magistrate judge issued a report recommending that the district court deny habeas corpus relief. The magistrate judge found that the court lacked jurisdiction over Themeus's challenges to the removal order, because they were barred by the REAL ID Act, and to his future detention, because his removal period had not yet begun so the claim was not ripe for review. Although the magistrate judge determined that jurisdiction existed over Themeus's due-process challenge that the detainer precluded him from participating in a work-release program, the magistrate judge concluded that the claim was without merit because Themeus did not allege facts showing that the detainer imposed an atypical or significant

3

hardship in relation to the ordinary incidents of prison life.  Over Themeus's objections, the district court adopted the magistrate judge's recommendation. After entry of judgment, Themeus brought this appeal.

## II.

We review *de novo* the district court's denial of habeas relief under § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004); *Alanis-Bustamante v. Reno*, 201 F.3d 1303, 1306 (11th Cir. 2000) (dismissal of § 2241 petition for lack of subject-matter jurisdiction is reviewed *de novo*).  We may affirm the district court on any ground supported by the record.  *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

## III.

On appeal, Themeus argues that the district court had jurisdiction to review his § 2241 petition and that both the removal order and immigration detainer violate due process, relying on *Zadvydas* and *Kucana v. Holder*, 558 U.S. 233, 130 S. Ct. 827 (2010).[2]  He asserts that he was in federal custody as of August 2007, when the immigration detainer was lodged, and that the 90-day removal period began at that time.  Themeus also claims that the district court relied on an incomplete record to make an improper factual determination, apparently regarding

---

[2] We GRANT Themeus's construed motion to file an amended brief on appeal, and we take his arguments from that amended brief.

when his removal period began to run, when it denied his petition.    Finally, Themeus requests that we vacate the immigration detainer or direct the district court to hold a bond hearing.[3]

We first address Themeus's challenge to the 2007 final removal order. Challenges to removal proceedings used to be cognizable under 28 U.S.C. § 2241. *Orozco v. U.S. I.N.S.*, 911 F.2d 539, 541 (11th Cir. 1990); *see I.N.S. v. St. Cyr.*, 533 U.S. 289, 301-08, 121 S. Ct. 2271, 2280-84 (2001).    But now, however, they are not.    Following enactment of the REAL ID Act of 2005, district courts lack habeas jurisdiction to entertain challenges to final orders of removal.    *See* 8 U.S.C. § 1252(a)(5), (b)(9); *see also Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366-67 (11th Cir. 2006).    Instead, "a petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order."    *Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006); *see* 8 U.S.C. § 1252(a)(5), (b)(9).    Because Themeus's removal order was entered well after the REAL ID Act went into effect, the district court properly dismissed for lack of jurisdiction

---

[3] To the extent Themeus's claim that the immigration detainer precluded him from participating in work-release programs was intended as a free-standing due-process claim, it may not have been cognizable in a § 2241 proceeding against ICE because it concerns a collateral limitation imposed by his state jailer. *See Orozco*, 911 F.2d at 540-41.    In any case, we conclude that this claim is now moot.    Both parties have represented that Themeus's Florida state sentence was set to completely expire on or before November 30, 2015, and a review of the Florida DOC's website reflects that Themeus was released from state custody on November 13, 2015. As a result, we can no longer grant any effective relief on this claim. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (a case is moot when the court can no longer grant meaningful relief); *cf. McKinnon v. Talladega Cty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (stating that challenges to conditions of confinement generally become moot upon a prisoner's release).

Themeus's § 2241 petition to the extent it challenged the underlying basis of his removal order.

As for Themeus's challenge to the immigration detainer, the district court properly found that Themeus was not entitled to relief under *Zadvydas*. When an order of removal becomes final, the Attorney General generally has 90 days to effect removal. 8 U.S.C. § 1231(a)(1)(A). This 90-day "removal period" begins to run *from the latest of*:

> (i)   The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

In *Zadvydas v. Davis*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6)—which authorizes detention beyond the 90-day removal period in certain circumstances—permitted the Attorney General to indefinitely detain a removable alien. *Zadvydas*, 533 U.S. at 682, 121 S. Ct. at 2494; 8 U.S.C. § 1231(a)(6). The Court held that six months was a presumptively reasonable period of time to allow the government to effect removal after the removal period

6

commences.  533 U.S. at 701, 121 S. Ct. at 2503.  After this time, upon the provision of "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut that showing.  *Id.*  If removal is not reasonably foreseeable, the continued detention is unauthorized and unreasonable.  *Id.* at 699-700, 121 S. Ct. at 2504.

We have held that, in order to state a claim under *Zadvydas*, a § 2241 petitioner must show two things:  (1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 is filed; and (2) "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, the district court properly found that Themeus's statutory removal period had not begun to run when he filed his § 2241 petition.  Themeus is incorrect that the removal period began to run in 2007.  While the removal period generally begins to run once the order of removal becomes final—which, the parties do not dispute, occurred in 2007—that date does not govern in this case because Themeus was in state custody then.  *See* 8 U.S.C. § 1231(a)(1)(A), (B). As a result, the statutory removal period did not commence until "the date the alien [was] released from detention or confinement," which was not until after Themeus filed his § 2241 petition.  *See id.*  Accordingly, Themeus has not shown that the

7

six-month period described in *Zadvydas* expired at the time the § 2241 petition was filed. *See Akinwale*, 287 F.3d at 1052. Therefore, he is not entitled to release or, in the alternative, to a bond hearing.

Themeus's reliance on *Kucana* is unclear, but it provides no basis for relief in these circumstances. In *Kucana*, the Supreme Court held that courts of appeal retain jurisdiction to review decisions by the Board of Immigration Appeals denying motions to reopen immigration proceedings. 558 U.S. at 253, 130 S. Ct. at 840. Themeus asserts that he filed a motion to reopen his immigration case in August 2010, that the motion was denied in September 2010, and that he filed a timely notice of appeal that the immigration court failed to process. However, the denial of the motion to reopen is not properly before this Court for review on appeal from the district court's denial of his § 2241 petition.

Lastly, we disagree with Themeus's argument that the district court relied on an incomplete record in dismissing his § 2241 petition. The record was sufficient for the court to conclude that Themeus's petition should have been dismissed, and no information he has presented on appeal shows that the basis of the district court's decision was erroneous. Accordingly, we affirm the dismissal of Themeus's § 2241 petition.

**AFFIRMED.**